IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **Chapter 11** |
| **RIGHT OF WAY MAINTENANCE** | § | |
| **EQUIPMENT COMPANY,** | § | **Case No. 09-35037** |
| | § | |
| **DEBTOR.** | § | |
| | § | |

### DEBTOR'S APPLICATION TO EMPLOY
### PENDERGRAFT & SIMON, LLP AS SPECIAL LITIGATION COUNSEL

**TO THE HONORABLE KAREN K. BROWN, UNITED STATES BANKRUPTCY JUDGE:**

**RIGHT OF WAY MAINTENANCE EQUIPMENT COMPANY** ("Debtor" or "ROWMEC") hereby files this its Application to Employ Pendergraft & Simon (the "Application") as its special litigation counsel, and, in support thereof, respectfully shows the Court the following:

**A.    JURISDICTION**

1.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

**B.    BACKGROUND**

2.    On July 13, 2009 (the "Filing Date"), Debtor filed its voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Debtor's chapter 11 case is pending before the United States Bankruptcy Court for the Southern District of Texas, Houston Division.  Debtor, as debtor in possession, remains in possession of its property

NO.99962563.1

pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  A trustee has not been appointed in this case.

3.      Since the Filing Date, the Debtor, as debtor in possession, has remained in possession of its property and continued to manage its business.

## C.      NATURE OF LITIGATION

4.      Various disputes arose between ROWMEC and Gyro-Trac, Inc. and Gyro-Trac (USA), Inc. (collectively referred to as "Gyro-Trac") that led to the filing of a lawsuit in 2002 by ROWMEC against Gyro-Trac and the prosecution of said lawsuit (after removal) in the United States District Court for the Southern District of Texas, Houston, Division, Cause No. H-02-0583 ("2002 Gyro-Trac Lawsuit").  ROWMEC alleged, among other things, that Gyro-Trac infringed its patents for certain components of machinery manufactured and sold by Gyro-Trac, namely a cutter head attachment and the associated cutter teeth. That lawsuit culminated in a Settlement Agreement dated September 12, 2003, between ROWMEC and Gyro-Trac (the "2003 Settlement Agreement").

5.      Christopher Bandas ("Bandas") was the attorney who represented ROWMEC in the 2002 Gyro-Trac Lawsuit.  Bandas along with another lawyer, Robert Curfiss, then a partner with Jackson Walker, negotiated and drafted the 2003 Settlement Agreement.  Both Bandas and Curfiss represented to ROWMEC that under the 2003 Settlement Agreement, ROWMEC was entitled to receive a commission for any cutter head and cutter teeth products sold by Gyro-Trac regardless of whether such products used designs developed by ROWMEC.  This was a critical issue.

6.      Disputes again arose between ROWMEC and Gyro-Trac regarding the 2003 Settlement Agreement that led to another suit filed by ROWMEC against Gyro-Trac in 2005 (the

"2005 Gyro-Trac Lawsuit").  Bandas represented ROWMEC in this lawsuit on a contingent fee basis.

7.     During the course of the 2005 Gyro-Trac Lawsuit, the court denied a partial summary judgment motion filed by ROWMEC and ruled that the commissions provision of the 2003 Settlement Agreement was limited only to ROWMEC designed cutter head and cutter teeth products, contrary to what Bandas and Curfiss had represented to ROWMEC.  Bandas never told the principals of ROWMEC about this summary judgment ruling, and immediately before trial dropped the commissions claim without advising ROWMEC of same.

8.     After the trial commenced, ROWMEC's principals realized that Bandas was not pursuing the commission claim.  When they asked Bandas about this, Bandas told ROWMEC that he had dropped the claim for commissions due under paragraph 5 of the 2003 Settlement Agreement because he was afraid that the jury would get confused.  Bandas, in the presence of Jeffrey D. Meyer and Patricia A. Shackelford, two lawyers who had been brought on to assist in the trial, assured ROWMEC's principals that ROWMEC would be able to re-file the commissions claim against Gyro-Trac at a later date, and he agreed to pursue the claim after the trial was concluded.

9.     On June 12, 2007, after a favorable jury verdict on the dealership termination issue, the Honorable Gray H. Miller entered a money judgment in favor of ROWMEC and against Gyro-Trac for $3,600,000.00 (the "Final Judgment").

10.     ROWMEC has now instituted an adversary proceeding in the United States District Court for the Southern Bankruptcy Court for the Southern District of Texas, Houston Division, Adversary No. 09-03303, in which ROWMEC has sued Bandas, Meyer, Shackelford, and Curfiss, and Curfiss' then law firm, Jackson Walker, for malpractice, breach of fiduciary

duty, breach of contract and fraud.  ROWMEC has also asserted claims against Gyro-Trac for breach of the 2003 Settlement Agreement, and against Cambridge Management Group, LLC, a company that loaned or invested money in the lawsuit after the Final Judgment, under 11 U.S.C. § 548.

**D.      REQUEST FOR AUTHORITYTO APPOINT P&S AS SPECIAL LITIGATION COUNSEL.**

11.      ROWMEC requests authority to appoint P&S to prosecute Adversary 09-03303. Pursuant to Section 327 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, ROWMEC desires to employ P&S to act as its special litigation counsel to prosecute Adversary 09-03303.

12.      ROWMEC believes that it would be in the best interest of the Debtor and its estate for P&S to act as special counsel.   P&S is uniquely qualified to prosecute Adversary 09-03303 because it encompasses bankruptcy causes of action under Chapter 5 of the Bankruptcy Code as well as state law claims such as legal malpractice, breach of fiduciary duty, fraud and breach of contract.   Leonard Simon, a partner with P&S, is board certified in business bankruptcy law and has tried numerous litigation cases both in bankruptcy court, and federal district court and state district court.  Robert Pendergraft, a partner with P&S, is a state court trial lawyer who has been practicing in the commercial litigation area for over 35 years.  ROWMEC believes that P&S is well qualified to act as its counsel in Adversary 09-03303.

13.      P&S has agreed to represent ROWMEC on the terms set forth in this Application and in the Power of Attorney and Fee Contract attached hereto as **Exhibit "1"**.   The compensation to be paid to P&S is a combination of a 25% contingent fee and a reduced hourly rate, as follows:

     a.    Robert L. Pendergraft, Leonard H. Simon, or other partner     $250/hour

|   |   |   |
|---|---|---|
| b. | Senior associate/Of Counsel | $175/hour |
| c. | Junior associate | $150/hour |
| d. | Cecilia Sanchez or other senior paralegal | $ 90/hour |
| e. | Junior paralegals | $ 50/hour |

14.     ROWMEC attaches hereto as **Exhibit "2"** and incorporates herein for all purposes Leonard H. Simon's Unsworn Declaration and Disclosure Statement Pursuant to Section 504 of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Simon Declaration") that attests that P&S has, to the best of Mr. Simon's knowledge, no interests which are adverse to the Debtor, no conflict of interest, and is otherwise well qualified to act as the ROWMEC's special litigation counsel in this case.  P&S does not represent any other entity with an adverse interest in connection with this case.  To the best of  ROWMEC's knowledge and except as otherwise disclosed in the Simon Declaration, P&S does not hold or represent any interest adverse to Debtor's estate in this matter on which P&S is to be engaged by the Debtor and that P&S is "disinterested" within the meaning of Section 101(14) of the Bankruptcy Code.

15.     ROWMEC has agreed to pay for the reasonable and necessary expenses incurred in rendering legal services to the Debtor, including, but not limited to, postage, photocopying, telecopying, messenger services, long distances charges, depositions, and filing fees.   Pursuant to the Bankruptcy Code, the fees of P&S, together with his necessary disbursements and expenses, constitute administrative expenses of Debtor's estate in such amounts as may be allowed by the Court.

16.     Except as disclosed in the Simon Declaration, P&S has not represented Debtor prior to the filing of Debtor's chapter 11 case.

The employment of P&S is necessary and in the best interests of the Debtor and its estate.

**WHEREFORE**, ROWMEC requests the Court to enter an order that (i) authorizes Debtor to employ, and appoints, P&S as special litigation counsel to prosecute Adversary 09-03303, and all matters that arise in or are related thereto, (ii) authorizes, subject to further Court approval as to amounts, Debtor to compensate P&S in accordance with the terms set forth herein, and to reimburse such counsel for its necessary disbursement and expenses; and (iii) grants Debtor such other and further relief as is just and equitable.

Respectfully submitted this 31st day of August 2009.

RIGHT OF WAY MAINTENANCE EQUIPMENT COMPANY

By: _____

OF COUNSEL:

Leonard H. Simon, Esq.
**PENDERGRAFT & SIMON, LLP**
TBN: 18387400; SDOT No. 8200
THE RIVIANA BUILDING
2777 Allen Parkway, Suite 800
Houston, Texas 77019
Telephone No. (713) 528-8555
Telecopy No. (832) 202-2810
Email: lsimon@pendergraftsimon.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the above and foregoing Debtor's Application to Employ Pendergraft & Simon, LLP was served on the 31st day of August 2009, by the electronic case filing system, if available, or United States First Class Mail, postage prepaid (as indicated), to those parties shown on the attached Service List. **on September 1, 2009.**

_/s/ Leonard H. Simon_
Leonard H. Simon

- 6 -

NO.99962563.1

# SERVICE LIST

AT&T
P O Box 65057
Dallas, TX  75265

Alamo Iron Works
P O Box 231
San Antonio, TX 78291-0231

Alltex Interior Supply, Inc
P O Box 5533
Bryan, TX 77805-5533

American Coatings
P O Box 1426
Tomball, TX 77377-1426

Ample Computer Service
1528 Avenue O
Huntsville, TX 77340-4452

Bandas Law Firm
500 N. Shoreline #1020
Corpus Christi, TX 78471-1010

Bandas Law Firm
C/o Michael S. Hays
1233 West Loop South, Suite 1000
Houston, Texas 77027-9109

Bickley, Prescott & Company
901 Normal Park #2060
Huntville, TX 77320-3770

Bio Fuel Consultants of North America
9250 Corkscrew Road, Suite 8
Estero, Fl 33928-3216

CME-Conveying & Mining Equip.
8300 Hempstead * Suite A
Houston, Texas 77008-6175

CMG/Cambridge Management Group, LLC
266 Harristown Road * Suite #300
Glen Rock, NJ 07452-3321

CMG/Cambridge Management Group, LLC
C/O Alexander Chae
1000 Louisiana, Suite 3400
Houston, TX 77002-5011

CNH Capital
Dept. CH 10460
Palatine, ILL 60055-0460

CNH Capital
P O Box 3038
Evansville, IN 47730-3038

Capital One
P O Box 60599
CIty of Industry, CA  91716-0599

Christopher R. Johnston
Firth, Johnston & Martinez
415 N. Mesa, Third Floor
El Paso, Texas 79901

Conroe Mill Supply
P O Box 447
Conroe, TX 77305-0447

Conroe Welding Supply
415 South Frazier
Conroe, TX 77301-5098

Delta Dental/Allied Administrators
P O Box 45793
San Fransisco, CA 94145-0793

Don Stocking
2040 N. Loop 336 West
Conroe, TX 77304-3500

Eager Beaver (Dietrich)
21838 Magnolia Hills Drive
Magnolia, Texas 77354-7633

Exxon
P.O. Box 5727
Carol Stream, IL 601975727

Flexaire Manufacturing
10430 - 180 Street
Edmonton, AB, Canda T55 1C3

Home Depot Credit Services
P. O. Box 6029
The Lakes, NV 88901-6029

Independent Hydraulic
P O Box 1127
Conroe, TX 77305-1127

Inlands Technology
401 East 27th Street
Tcoma, WA 98421-1203

J & S Equipment
1583 Memorial Lane
Conroe, TX 77304-1608

J&B Auto
11635 Highway 105E
Conroe, TX 77306-5371

Joan M. O'Hagan
P. O. Box 853
New Waverly, TX 77358-0853

John P. Bryan
8291 Lakeside Drive
Englewood, FL 34224-7687

John O'Hagan, Sr.
2271 Teas Crossing Drive
Conroe, TX 77304-7301

John P. O'Hagan, Sr.
2271 Teas Crossing Drive
Conroe, TX 77304-7301

Karen E. O'Hagan
15625 Tobacco Road
Montgomery, TX 77316-2443

King Kong Tools
753 Church Street
Buford, GA 30518-3358

Lester Buzbee, III
116 S. Avenue C
Humble, TX 77338-4503

Lowe & Associates
177 Meeting Street #400
Charleston, SC 29401-3189

M-Fab & Machine
17781 Hwy 105
Conroe, TX 77306-5913

Paychex, Inc.
11777 Katy Freeway #200
Houston, Texas 77079-1772

Peterson Pacific Corporation
29408 Airport Road
Eugene, Oregon 97402-9541

Pitney Bowes Global Finance Serv.
P. O. Box 856460
Louisville, KY 40285-6460

Premium Assignment Corp./
Catlin Specialty Ins. Group
P O Box 3066
Tallahassee, FL 32315-3066

Principal Insurance
P O Box 14513
Des Moines, IA 50306-3513

Randy  Welch
14242 Carneswood
Tomball, TX 77375-4009

Risley Equipment
10820-89 Avenue
Grand Prairie, Alberta Canada T8* 6R7

Rollling Thunder - Kat Meyers
11402 E. J. Hawk
Houston, Texas 77044-5867

Scott A. O'Hagan, Sr.
P O Box 977
New Waverly, TX 77358-0977

Shell
P. O. Box 689010
Des Moines, IA  50368-9010

Soapman of Texas
1414 S. Frazier #103
Conroe, TX 77301-4475

Soft Trac Supply
12 Phillips Drive SE
Carterville, GA  30121-2476

Strouhal Tire
P O Box 671579
Dallas, TX 75267-1579

SunSource Distribution
P O Box 200794
Dallas, TX 75320-0794

UPS
P O Box 7247-0244
Philadelphia, PA

UPS
P O Box 7247-0244
Philadelphia, PA  19170-0001

US Trustee
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002-2604

Unifirst
12700 SH 30 Suite #100
College Station, TX 77845

William S. O'Hagan, Jr.
15625 Tobacco Road
Montgomery, TX 77316-2443

Right of Way Maintenance
Equipment Company
11443 Old Hwy 105 East
Conroe, Texas 77303-5463



# EXHIBIT "1"

# POWER OF ATTORNEY AND FEE CONTRACT

This agreement is made between **RIGHT OF WAY MAINTENANCE EQUIPMENT COMPANY,** hereafter referred to as "Client", and **PENDERGRAFT & SIMON,** hereinafter referred to as the "Firm".

In consideration of the mutual promises herein contained, the parties hereto agree as follows:

## I. PURPOSE OF REPRESENTATION

1.01.   Client desires to employ The Firm as Clients true and lawful attorneys, to act for Client and in Clients name to represent Client; and to take appropriate action which may be necessary to prosecute certain claims and causes of action (hereinafter referred to as the "Claims") in the matters involving Cambridge Management Group, LLC, Bandas Law Firm, PC, Christopher A. Bandas, Robert C. Curfiss, Jackson Walker, L.L.P., Moulton & Meyer, L.L.P., Jeffrey D. Meyer, Patricia A. Shackelford, P.C., Patricia A. Shackelford, Gyro-Trac, Inc. and Gyro-Trac (USA), Inc. as well as the prosecution of any other claims for the benefit of the estate.

1.02.   It is further understood that The Firm's representation shall include taking the Claims through all stages of trial and appeal in obtaining a final judgment in favor of the Client, if possible. Provided however all costs associated with the appeal of this case shall be timely paid by the Client. The appellate costs include the costs of the record on appeal, trial transcripts, filing fees and/or posting of any and all bonds.

## II. ATTORNEY'S FEES

2.01.   Client agrees that the Firm shall be entitled to a twenty-five percent (25%) contingent fee of the amount awarded to the Client, net of expenses and hourly fees incurred, from the prosecution of the Claims. In addition to a twenty-five percent (25%) contingent fee Client further agrees to pay reduced hourly fees at the rates set forth in paragraph 2.02.

2.02.   The Firm's hourly fees will be billed at the following reduced rates:

| | | |
|---|---|---|
| a. | Robert L. Pendergraft, Leonard H. Simon, or other partner | $250/hour |
| b. | Senior associate/Of Counsel | $175/hour |
| c. | Junior associate | $150/hour |
| d. | Cecilia Sanchez or other senior paralegal | $90/hour |
| e. | Junior paralegals | $50/hour |

The Firm will invoice the Client once each month. Said invoices for reduced hourly fees and expenses incurred will be due and payable upon receipt of each respective invoice, but subject to approval of the Bankruptcy Court.

The Client agrees that the time expended by the Firm will be recorded and billed to the Client in ten minute increments, regardless of the actual time spent. Client will be charged the ten minute increments at the reduced hourly rates referred to in Paragraph 2.02.

Client agrees and understands that by signing this contract Client hires the entire Firm and any member of the Firm may be called upon or required to work on the case during this Firm's representation of the Client. The Firm and the Client have agreed that these provisions are fair because the Firm's and the Client's effort, to be successful, must be the product of our teamwork.

The recordation of time by the Firm, as described herein, shall apply to legal research, drafting of pleadings, conferences, telephone conversations, preparation of documents, investigation of facts, travel, preparation for and appearances in court, and other tasks reasonably appropriate to handle the matter in controversy.

2.03. Fees and expenses shall be invoiced monthly. Said invoices shall be due and payable upon approval of the Bankruptcy Court. If the Client fails to pay according to the terms set forth herein, the Firm reserves the right to withdraw from further representation.

2.04 **THE CLIENT HAS BEEN ADVISED THAT THIS FEE AGREEMENT AND ALL PAYMENTS OF FEES AND EXPENSES SHALL BE SUBJECT TO AND CONDITIONED UPON THE APPROVAL OF THE BANKRUPTCY COURT. PRIOR TO THE PAYMENT OF ANY FEES AND/OR EXPENSES COUNSEL FOR ROWMEC SHALL FILE PROPER AND APPROPRIATE APPLICATIONS TO THE COURT FOR APPROVAL OF SAME. FINALLY, IF A CONTINGENT FEE IS APPROPRIATE AS A RESULT OF SETTLMENT AND/OR FINAL JUDGMENTS, SAID CONTINGENT FEE SHALL BE SUBJECT TO THE APPROVAL OF THE US BANKRUPTCY COURT AFTER NOTICE AND HEARING.**

**CLIENT FURTHER ACKNOWLEDGES THAT IT HAS REQUESTED THE FIRM HANDLE THIS LITIGATION ON A PARTIALLY CONTINGENT/REDUCED HOURLY BASIS.**

## III. REPRESENTATIONS

3.01. It is understood and agreed that the Firm cannot warrant or guarantee the outcome of the case and no member of the Firm has represented to the Client that the Client will recover all or any of the results desired. The Client realizes that the Firm will be investigating the law and facts applicable to its claim on a continuing basis, and should an Attorney learn something which, in the opinion of the Firm, makes it impractical for the Firm to proceed with the handling of the Claims, then the Firm may withdraw from further representation of Client by sending written notice of Client's last known address.

## IV. EXPENSES

4.01. Necessary costs and expenses incurred in the prosecution of the Claims shall include, but not be limited to, court costs, copying expenses, jury consultants, demonstrative aids, scanning

and coding of the discovery documents and trial exhibits, fees for private investigators, expert witnesses, structured settlement specialists and tax consultants, transcripts from court reporters, appellate costs (mentioned in 1.01) and other reasonable expenses. The Client is responsible for all expenses incurred in the prosecution of the Claims.

## V. WITHDRAWAL

5.01. Subject to Bankruptcy Court approval, the Firm may withdraw from the Client's representation in this matter at any time if the Client:

a. Insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification or reversal of existing law.

b. Seeks to pursue an illegal course of conduct.

c. Insists that the Firm pursue a course of conduct that is illegal or that is prohibited under the disciplinary rules.

d. Renders it unreasonably difficult for the Firm to carry out its representation of the clients.

e. Insists that the Firm engage in conduct that is contrary to the judgment and advice of the Firm.

f. Refuses to fulfill an obligation to the Firm regarding the Firm's services, including the obligation to pay promptly the Firm's fees and expenses as invoiced.

g. Causes the Firm to suffer an unreasonable financial burden by continuing its representation of the Client.

5.02. In the event of withdrawal from employment, the Firm will give due notice to the Client, and deliver to the Client all papers and property to which the Client is entitled. If the client violates any provision of Paragraph 5.01 a-g the Firm shall be entitled to withdraw from further representation even if such withdrawal results in foreseeable prejudice to the Client's case.

5.03. The Firm shall withdraw if discharged by the Client. Such discharge shall be communicated in writing to the Firm.

5.04. This contract may be modified by the Firm and the Client only by mutual agreement in writing signed by all parties and approved by the Bankruptcy Court.

5.05. In the event of withdrawal, termination or modification of employment, IT IS AGREED AND UNDERSTOOD THAT THE TERMS OF THIS CONTRACT AS PERTAINS TO FEES, COSTS AND/OR EXPENSES FOR SERVICES RENDERED, UP TO AND INCLUDING SUCH DATE OF TERMINATION, WITHDRAWAL OR MODIFICATION OF EMPLOYMENT, ARE TO BE PAID TO THE FIRM AND SHALL REMAIN IN FULL FORCE AND EFFECT.

## VI. FAVORABLE OUTCOME NOT GUARANTEED

6.01.  The Client understands that the Firm has made no representation concerning the successful determination of the claim or claims relating to the matter in controversy or the favorable outcome of any legal action that is or may be filed, and has not guaranteed that the Firm will obtain reimbursement to the Client of any of the fees, costs and/or expenses incurred by the Client in the prosecution or defense of said claim or claims. The Client further expressly acknowledges that all statements of the Firm on these matters are statements of opinion only.

## VII. PARTICIPATION BY THE CLIENT

7.01.  The Client agrees to comply with all of the Firms' reasonable requests in connection with the preparation and presentation of the Client's case.

## VIII. TEXAS LAW TO APPLY

8.01.  This Agreement shall be construed under and in accordance with the laws of the State of Texas, and the rights, duties and obligation of Client and of the Firm regarding representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of Texas.

## IX. PARTIES BOUND

10.01. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representative, successors and assigns.

## X. LEGAL CONSTRUCTION

11.01. If any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not effect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal or unenforceable provisions had never been contained herein.

## XI. PRIOR AGREEMENTS SUPERSEDED

12.01. This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter.

## XII. DISCLAIMER

13.01  Client has been advised by the Firm to seek advice from separate independent counsel prior to entering into this agreement.

## XIII. TIME IS OF THE ESSENCE

14.01  Time is of the essence in the performance of this agreement.

## XIV. TEXAS LAWYERS CREED

15.01. The Texas Supreme Court and Court of Appeals have adopted the Texas Lawyer's Creed as a mandate to the legal profession in Texas. The creed requires our Firm to advise you of the contents of the creed when undertaking to represent you. A copy of *The Texas Lawyer's Creed—A Mandate for Professionalism* is attached hereto pursuant to Paragraph II.1. of the Creed, for your review.

WE CERTIFY AND ACKNOWLEDGE THAT WE HAVE HAD THE OPPORTUNITY TO READ THIS AGREEMENT. WE FURTHER STATE THAT WE HAVE VOLUNTARILY ENTERED INTO THIS AGREEMENT FULLY AWARE OF ITS TERMS AND CONDITIONS.

SIGNED AND ACCEPTED effective as of the ____ $H^{th}$ ____ day of August 2009.

| RIGHT OF WAY MAINTENANCE EQUIPMENT COMPANY | PENDERGRAFT & SIMON |
|---|---|
| JOHN P. O'HAGAN, SR | LEONARD H. SIMON |

---

### NOTICE TO CLIENT:

The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas Attorneys. Although not every complaint against or dispute with an attorney involves professional misconduct, the State Bar Office of the General Counsel will provide you with information about how to file a complaint. For more information, please call 1-800-932-1000. This is a toll free call.

# THE TEXAS LAWYER'S CREED

## A Mandate for Professionalism

**Promulgated by The Supreme Court of Texas and the Court of Criminal Appeals November 7, 1989**

I am a lawyer; I am entrusted by the People of Texas to preserve and improve our legal system. I am licensed by the Supreme Court of Texas. I must therefore abide by the Texas Disciplinary Rules of Professional Conduct, but I know that Professionalism requires more than merely avoiding the violation of laws and rules. I am committed to this Creed for no other reason than it is right.

## I. OUR LEGAL SYSTEM

A lawyer owes to the administration of justice personal dignity, integrity, and independence. A lawyer should always adhere to the highest principles of professionalism.

1   I am passionately proud of my profession. Therefore, "My word is my bond."

2   I am responsible to assure that all persons have access to competent representation regardless of wealth or position in life.

3   I commit myself to an adequate and effective pro bono program.

4   I am obligated to educate my clients, the public, and other lawyers regarding the spirit and letter of this Creed.

5   I will always be conscious of my duty to the judicial system.

## II. LAWYER TO CLIENT

A lawyer owes to a client allegiance, learning, skill, and industry. A lawyer shall employ all appropriate means to protect and advance the client's legitimate rights, claims, and objectives. A lawyer shall not be deterred by any real or imagined fear of judicial disfavor or public unpopularity, nor be influenced by mere self-interest.

1   I will advise my client of the contents of this Creed when undertaking representation.

2   I will endeavor to achieve my client's lawful objectives in legal transactions and in litigation as quickly and economically as possible.

3   I will be loyal and committed to my client's lawful objectives, but I will not permit that loyalty and commitment to interfere with my duty to provide objective and independent advice.

4   I will advise my client that civility and courtesy are expected and are not a sign of

weakness.

5 I will advise my client of proper and expected behavior.

6 I will treat adverse parties and witnesses with fairness and due consideration. A client has no right to demand that I abuse anyone or indulge in any offensive conduct.

7 I will advise my client that we will not pursue conduct which is intended primarily to harass or drain the financial resources of the opposing party.

8 I will advise my client that we will not pursue tactics which are intended primarily for delay.

9 I will advise my client that we will not pursue any course of action which is without merit.

10 I will advise my client that I reserve the right to determine whether to grant accommodations to opposing counsel in all matters that do not adversely affect my client's lawful objectives. A client has no right to instruct me to refuse reasonable requests made by other counsel.

11 I will advise my client regarding the availability of mediation, arbitration, and other alternative methods of resolving and settling disputes.

## III. LAWYER TO LAWYER

A lawyer owes to opposing counsel, in the conduct of legal transactions and the pursuit of litigation, courtesy, candor, cooperation, and scrupulous observance of all agreements and mutual understandings. Ill feelings between clients shall not influence a lawyer's conduct, attitude, or demeanor toward opposing counsel. A lawyer shall not engage in unprofessional conduct in retaliation against other unprofessional conduct.

1 I will be courteous, civil, and prompt in oral and written communications.

2 I will not quarrel over matters of form or style, but I will concentrate on matters of substance.

3 I will identify for other counsel or parties all changes I have made in documents submitted for review.

4 I will attempt to prepare documents which correctly reflect the agreement of the parties. I will not include provisions which have not been agreed upon or omit provisions which are necessary to reflect the agreement of the parties.

5 I will notify opposing counsel, and, if appropriate, the Court or other persons, as soon as practicable, when hearings, depositions, meetings, conferences or closings are cancelled.

6  I will agree to reasonable requests for extensions of time and for waiver of procedural formalities, provided legitimate objectives of my client will not be adversely affected.

7  I will not serve motions or pleadings in any manner that unfairly limits another party's opportunity to respond.

8  I will attempt to resolve by agreement my objections to matters contained in pleadings and discovery requests and responses.

9  I can disagree without being disagreeable. I recognize that effective representation does not require antagonistic or obnoxious behavior. I will neither encourage nor knowingly permit my client or anyone under my control to do anything which would be unethical or improper if done by me.

10 I will not, without good cause, attribute bad motives or unethical conduct to opposing counsel nor bring the profession into disrepute by unfounded accusations of impropriety. I will avoid disparaging personal remarks or acrimony towards opposing counsel, parties and witnesses. I will not be influenced by any ill feeling between clients. I will abstain from any allusion to personal peculiarities or idiosyncrasies of opposing counsel.

11 I will not take advantage, by causing any default or dismissal to be rendered, when I know the identity of an opposing counsel, without first inquiring about that counsel's intention to proceed.

12 I will promptly submit orders to the Court. I will deliver copies to opposing counsel before or contemporaneously with submission to the court. I will promptly approve the form of orders which accurately reflect the substance of the rulings of the Court.

13 I will not attempt to gain an unfair advantage by sending the Court or its staff correspondence or copies of correspondence.

14 I will not arbitrarily schedule a deposition, Court appearance, or hearing until a good faith effort has been made to schedule it by agreement.

15 I will readily stipulate to undisputed facts in order to avoid needless costs or inconvenience for any party.

16 I will refrain from excessive and abusive discovery.

17 I will comply with all reasonable discovery requests. I will not resist discovery requests which are not objectionable. I will not make objections nor give instructions to a witness for the purpose of delaying or obstructing the discovery process. I will encourage witnesses to respond to all deposition questions which are reasonably understandable. I will neither encourage nor permit my witness to quibble about words where their meaning is reasonably clear.

18 I will not seek Court intervention to obtain discovery which is clearly improper and not discoverable.

19 I will not seek sanctions or disqualification unless it is necessary for protection of my client's lawful objectives or is fully justified by the circumstances.

## IV. LAWYER AND JUDGE

Lawyers and judges owe each other respect, diligence, candor, punctuality, and protection against unjust and improper criticism and attack. Lawyers and judges are equally responsible to protect the dignity and independence of the Court and the profession.

1 I will always recognize that the position of judge is the symbol of both the judicial system and administration of justice. I will refrain from conduct that degrades this symbol.

2 I will conduct myself in court in a professional manner and demonstrate my respect for the Court and the law.

3 I will treat counsel, opposing parties, witnesses, the Court, and members of the Court staff with courtesy and civility and will not manifest by words or conduct bias or prejudice based on race, color, national origin, religion, disability, age, sex, or sexual orientation.

4 I will be punctual.

5 I will not engage in any conduct which offends the dignity and decorum of proceedings.

6 I will not knowingly misrepresent, mischaracterize, misquote or miscite facts or authorities to gain an advantage.

7 I will respect the rulings of the Court.

8 I will give the issues in controversy deliberate, impartial and studied analysis and consideration.

9 I will be considerate of the time constraints and pressures imposed upon the Court, Court staff and counsel in efforts to administer justice and resolve disputes.

# ORDER OF THE SUPREME COURT OF TEXAS AND THE COURT OF CRIMINAL APPEALS

The conduct of a lawyer should be characterized at all times by honesty, candor, and fairness. In fulfilling his or her primary duty to a client, a lawyer must be ever mindful of the profession's broader duty to the legal system.

The Supreme Court of Texas and the Court of Criminal Appeals are committed to eliminating a

practice in our State by a minority of lawyers of abusive tactics which have surfaced in many parts of our country. We believe such tactics are a disservice to our citizens, harmful to clients, and demeaning to our profession.

The abusive tactics range from lack of civility to outright hostility and obstructionism. Such behavior does not serve justice but tends to delay and often deny justice. The lawyers who use abusive tactics, instead of being part of the solution, have become part of the problem.

The desire for respect and confidence by lawyers from the public should provide the members of our profession with the necessary incentive to attain the highest degree of ethical and professional conduct. These rules are primarily aspirational. Compliance with the rules depends primarily upon understanding and voluntary compliance, secondarily upon reenforcement by peer pressure and public opinion, and finally when necessary by enforcement by the courts through their inherent powers and rules already in existence.

These standards are not a set of rules that lawyers can use and abuse to incite ancillary litigation or arguments over whether or not they have been observed.

We must always be mindful that the practice of law is a profession. As members of a learned art we pursue a common calling in the spirit of public service. We have a proud tradition. Throughout the history of our nation, the members of our citizenry have looked to the ranks of our profession for leadership and guidance. Let us now as a profession each rededicate ourselves to practice law so we can restore public confidence in our profession, faithfully serve our clients, and fulfill our responsibility to the legal system.

The Supreme Court of Texas and the Court of Criminal Appeals hereby promulgate and adopt **"The Texas Lawyer's Creed -- A Mandate for Professionalism"** described above.

*In Chambers, this 7th day of November, 1989.*

### The Supreme Court of Texas

Thomas R. Phillips, Chief Justice
Franklin S. Spears, Justice
C. L. Ray, Justice
Raul A. Gonzalez, Justice
Oscar H. Mauzy, Justice
Eugene A. Cook, Justice
Jack Hightower, Justice
Nathan L. Hecht, Justice
Lloyd A. Doggett, Justice

### The Court of Criminal Appeals

Michael J. McCormick, Presiding Judge
W. C. Davis, Judge
Sam Houston Clinton, Judge
Marvin O. Teague, Judge
Chuck Miller, Judge
Charles F. (Chuck) Campbell, Judge
Bill White, Judge
M. P. Duncan, III, Judge
David A. Berchelmann, Jr., Judge



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **Chapter 11** |
| **RIGHT OF WAY MAINTENANCE** | § | |
| **EQUIPMENT COMPANY,** | § | **Case No. 09-35037** |
| | § | |
| **DEBTOR.** | § | |
| | § | |

**UNSWORN DECLARATION OF LEONARD H. SIMON
AND DISCLOSURE STATEMENT PURSUANT TO §§ 329 and
504 OF THE BANKRUPTCY CODE AND RULES 2014(a) AND
2016(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | KNOW ALL PERSONS BY THESE PRESENTS: |
| COUNTY OF HARRIS | § | |

1.      I, LEONARD H. SIMON, hereby declare under penalty of perjury the following matters are true and correct and are within my personal knowledge.

2.  I am a member of the State Bar of Texas in good standing.  I am admitted to practice before the United States District Courts for the Southern District of Texas.  I submit this declaration in support of the application to engage the Pendergraft & Simon as special litigation counsel for RIGHT OF WAY MAINTENANCE EQUIPMENT COMPANY ("Debtor" or "ROWMEC") in the above-captioned chapter 11 case.  This Unsworn Declaration shall also constitute the disclosures required by Sections 329 and 504 of title 11 of the United States Code (the "Bankruptcy Code"), and Bankruptcy Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure.

3.  Pursuant to §327 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, Debtor has engaged me and my firm to act as special litigation counsel in all litigation matters arising in or related to the Adversary Proceeding No. 09-03303 as described in the Application to which this declaration is appended.

1

4.   Neither P&S nor I have, to the best of my knowledge, have any interests which are adverse to the Debtor, or any conflicts of interest, and are otherwise well qualified to act as the Debtor's special litigation counsel in this case.  Neither P&S nor I represent any other entity with an adverse interest in connection with this case.  To the best of my knowledge and except as otherwise disclosed in this Declaration, neither P&S nor I hold or represent any interest adverse to Debtor's estate in this matter on which we are to be engaged by the Debtor and that we are "disinterested" within the meaning of §101(14) of the Bankruptcy Code.

6.   The professional services that P&S and I intend to render include the representation of Debtor in Adversary Proceeding No. 09-03303, as described in the application to which this declaration is appended.

5.   To the best of my knowledge and based on the information available at this time, neither P&S nor I represent any creditor or party in interest in connection with claims against the Debtor and have no connections with the Debtor or its creditors, except as provided below in paragraph 8, below.

6.   The Debtor has agreed to compensate P&S and me on the terms set forth in this Application and in the Power of Attorney and Fee Contract attached to the application to which this declaration is appended as **Exhibit "1"**.   The compensation to be paid to P&S is a combination of a 25% contingent fee and a reduced hourly rate, as follows:

    a.   Robert L. Pendergraft, Leonard H. Simon, or other partner  $250/hour
    b.   Senior associate/Of Counsel   $175/hour
    c.   Junior associate           $150/hour
    d.   Cecilia Sanchez or other senior paralegal      $ 90/hour
    e.   Junior paralegals         $ 50/hour

7.   Subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, P&S will also seek reimbursement of actual, necessary expenses and other charges incurred by the firm in accordance with my normal billing practice, including, without

limitation, postage, photocopying, long distance telephone charges, fax charges, depositions and any filing fees

8.      No promises have been received by me as to payment or compensation in connection with this case other than described herein.  Subject to the provisions of 11 U.S.C. § 504(a)(b)(1), I have no agreement with any other person or entity to share any compensation received by me.  I have not shared, or agreed to share, with any person any compensation or reimbursements to be received by me in connection with the services to be rendered in the Debtor's chapter 11 case.

9.      I hereby disclose my connections with the "debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, as follows:  P&S represents Debtor as counsel for Debtor-in-Possession pursuant to an order of this Court entered  on July 28, 2009.

10.      I reserve the right the amend, modify or supplement this declaration to the extent that material information becomes known concerning my prior or current representation of clients having some relationship to the Debtor, its creditors or other parties in interest herein.

11.      The foregoing constitutes my statement pursuant to §329 and §504 of the Bankruptcy Code and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure.

12.      I declare under penalty of perjury that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the Debtor in this case.

Executed this 31st day of August 2009.


                                        /s/ Leonard H. Simon
                                        LEONARD H. SIMON


3